LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

AMADOR DE JESUS,
*on behalf of himself, FLSA Collective Plaintiffs and the Class*,

                       Plaintiff,

    v.

GREGORYS COFFEE MANAGEMENT, LLC,
and GREGORY ZAMFOTIS,

                       Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

---

Plaintiff AMADOR DE JESUS ("Plaintiff DE JESUS" or "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendant GREGORYS COFFEE MANAGEMENT, LLC ("Defendant GREGORYS COFFEE MANAGEMENT," or the "Corporate Defendant"), and GREGORY ZAMFOTIS ("Defendant ZAMFOTIS," or the "Individual Defendant"; together with the Corporate Defendant, "Defendants"), and states as follows:

## INTRODUCTION

1.    Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from

1

Defendants: (1) unpaid wages, including overtime due to time shaving, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime due to time shaving, (2) unpaid spread of hours premium, (3) liquidated damages, (4) statutory penalties, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff DE JESUS is a resident of Bronx Country, New York.

6. Defendants' warehouse supplier (the "Warehouse") prepares all of the pastries and baked goods sold at the Coffee Shops. The Warehouse is located at 1149 50th Avenue, Long Island City, New York 11101.

7. Corporate Defendant GREGORYS COFFEE MANAGEMENT, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 263 West 38th Street STE 15E, New York, NY 10018.

8. (i) Individual Defendant GREGORY ZAMFOTIS is a principal and executive officer of Corporate Defendant and has operational control of Gregory's Coffee Cafes. Individual Defendant exercises the power to (and also delegate to managers and supervisors the power to) (i)

fire and hire employees, (ii) supervise and control employee work schedules, (iii) determine the rate and method of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs and Class Members at Gregory's Coffee Cafes. Individual Defendant has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class Members.

(ii) Individual Defendant GREGORY ZAMFOTIS additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs and Class Members at Gregory's Coffee Cafes. Individual Defendant ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Gregory's Coffee Cafes are operating efficiently and profitably.

9. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

11. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to cooks, bakers, and drivers) employed by Defendants at Gregory's Coffee Cafes on or after the date that is six (6) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper compensation for all hours worked, due to a policy of time shaving. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

14. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to cooks, bakers, and drivers) employed by Defendants at Gregory's Coffee Cafes on or after the date that is six (6) years before the filing of the Complaint (the "Class" or "Class Members").

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay wages, including overtime due to time shaving, (ii) failing to pay them the spread of hours premium for workdays exceeding ten (10) hours, (iii) failing to provide Class Members with proper wage statements with every payment of wages, and (iv) failing to properly provide wage notices to Class Members, at date of hiring and annually, per requirements of the NYLL.

18. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class Members properly;

   c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class Members for their work;

   d) Whether Defendants properly notified Plaintiff and the Class Members of their regular hourly rate and overtime rate;

   e) Whether Defendants improperly paid Plaintiff and the Class Members on a fixed salary basis, when New York law requires that all non-exempt employees be paid on an hourly basis;

   f) Whether Defendants paid Plaintiff and the Class Members overtime wages at a proper rate that is at least one-and-one-half times the regular rate of pay;

   g) Whether Defendants properly compensated Plaintiff and Class Members for all hours worked;

   h) Whether Defendants caused time shaving by paying Plaintiff and Class Members only for those hours which they were scheduled to work, rather than for the actual hours that they worked

   i) Whether Defendants paid Plaintiff and the Class Members the spread of hours premium for workdays that exceeded ten (10) hours;

   j) Whether Defendants provided proper wage statements to Plaintiff and the Class Members per requirements of the NYLL; and

   k) Whether Defendants provided proper wage and hour notices to Plaintiff and the Class Members per requirements of the NYLL.

## STATEMENT OF FACTS

23. *Plaintiff AMADOR DE JESUS*

   (a) In January 2014, Plaintiff DE JESUS was employed by Defendants to work as a cook, and baker at Defendants' Gregory's Coffee Warehouse.

7

(b) From the beginning of his employment with Defendants in January 2014, Plaintiff worked at "Gregory's Coffee Management" located at 1149 50th Avenue, Long Island City, NY 11101.

(c) From the beginning of his employment with Defendants until in or about January 2017, Plaintiff worked sixty (60) hours per week: ten (10) hours per day, from 6:00 a.m. to 4:00 p.m., for six (6) days per week. From in or about January 2017 until the end of his employment with Defendants, Plaintiff regularly worked fifty-four (54) hours per week: nine (9) hours per day, from 6:00 a.m. to 3:00 p.m., for six (6) days per week.

(d) From the beginning of his employment with Defendants until in or about January 2017, Plaintiff was paid a fixed salary of five hundred fifty ($550) dollars per week regardless of actual hours worked. This fixed salary was equivalent to thirteen dollars and seventy-five cents ($13.75) dollars per hour. From in or about January 2017 until in or about January 2020, Plaintiff was paid fifteen ($15.00) dollars per hour. From in or about January 2020 until the end of his employment with Defendants, Plaintiff was paid fifteen dollars and fifty cents ($15.50) per hour. Throughout his employment, Plaintiff was paid in a combination of cheque and cash, the determination of which was under complete control by the Defendants. FLSA Collective Plaintiffs and Class Members were similarly paid on a fixed salary basis in a combination of cheque and cash.

(e) Plaintiff was terminated on March 17, 2020.

24. Plaintiff was never paid the overtime premium of one-and-one-half times his regular rate of pay for her hours worked in excess of forty (40) per week, as required under the FLSA and NYLL.

25. Throughout Plaintiff's employment by Defendants, Plaintiff was required to clock out for a thirty (30) minute meal break every day. However, at least twice a week, Plaintiff was required to work through his break but Defendants deducted thirty (30) minutes for a meal break even though Plaintiff clocked out for his break. Plaintiff was not paid for such off-the-clock work and as a result, was time shaved one (1) hour per week. Similarly, FLSA Collective Plaintiffs and Class Members were also required to clock out and work through their meal breaks.

26. Furthermore, Plaintiff was required to clock out at the end of his shift, but was then required to continue working. On average, Plaintiff was required to stay for thirty (30) minutes, three (3) times a week. Plaintiff was not paid for such hours worked and as a result was time shaved one and a half (1.5) hours per week. Similarly, FLSA Collective Plaintiffs and Class Members were also required to work after their shift ended.

27. Plaintiff was never paid the spread of hours premium for each workday exceeding ten (10) hours, as required under the NYLL.

28. Plaintiff did not receive a notice of pay rate from Defendants as required under the NYLL.

29. Plaintiff regularly observed and spoke their co-workers about Defendants' pay practices and policies.

30. Based on Plaintiff's direct observations and conversations with co-workers, all non-exempt employees at Gregory's Coffee Cafes worked similar hours that exceeded forty (40) hours per week and regularly exceeded ten (10) hours per day.

31. Based on Plaintiff's direct observations and conversations with co-workers, all non-exempt employees at Gregory's Coffee Cafes similarly suffered from Defendants' common policy that failed to pay the overtime premium due under the FLSA and NYLL. Under Defendants' companywide policy, all non-exempt employees at Gregory's Coffee Cafes were paid at a fixed salary basis without any understanding that the fixed salary was intended to cover the overtime hours worked. They were never paid at the proper overtime rate of one-and-one-half times their base hourly rate for their hours worked in excess of forty (40) per workweek.

32. Based on Plaintiff's direct observations and conversations with co-workers, all non-exempt employees at Gregory's Coffee Cafes similarly suffered from Defendants' common policy that failed to pay the spread of hours premium due under the NYLL. Under Defendants' companywide policy, all non-exempt employees at Gregory's Coffee Cafes regularly worked workdays exceeding ten (10) hours but were never paid the spread of hours premium.

33. Based on Plaintiff's direct observations and conversations with co-workers, all non-exempt employees at Gregory's Coffee Cafes similarly suffered from Defendants' common policy that failed to provide any notice of pay rate or wage statements, as required under the NYLL.

34. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class Members overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate that is at least one-and-one-half times the regular rate of pay, in violation of the FLSA and NYLL.

35. Defendants knowingly and willfully operated their business with a policy of not paying the spread of hours premium to Plaintiff and Class Members for each workday exceeding ten (10) hours, in violation of the NYLL.

36. Defendants knowingly and willfully operated their business with a policy of not providing wage statements to Plaintiff and Class Members with their wage payments, as required under the NYLL.

37. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notice to Plaintiff and Class Members, as required under the NYLL.

38. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

39. Plaintiff realleges and reavers Paragraphs 1 through 38 of this Class and Collective Action Complaint as if fully set forth herein.

40. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

42. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

43. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate of one-and-one-half times the regular rate of pay, as required under the FLSA.

44. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

45. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendants knew or should have known such was due.

46. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

48. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime due to time shaving, plus an equal amount as liquidated damages.

49. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

50. Plaintiff realleges and reavers Paragraphs 1 through 49 of this Class and Collective Action Complaint as if fully set forth herein.

51. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

52. Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate of one-and-one-half times the regular rate of pay, as required under the NYLL.

53. Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay the spread of hours premium under the NYLL.

54. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members as required under the NYLL.

55. Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and Class Members as required under the NYLL.

56. Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid wages, including overtime due to time shaving, unpaid spread of hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime wages, including due to Defendants' policy of time shaving under the FLSA and NYLL;

d. An award of unpaid spread of hours premium due under the NYLL;

e. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wage and overtime compensation, pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wage and overtime compensation pursuant to the NYLL;

h. An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff as Representative of the Class; and

l. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: December 29, 2020

Respectfully submitted,

By: */s/ C.K. Lee*
C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*