UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMADOR DE JESUS, *on behalf of himself, FLSA Collective Plaintiffs and the Class,*<br><br>Plaintiff,<br><br>v.<br><br>GREGORYS COFFEE MANAGEMENT, LLC, and GREGORY ZAMFOTIS,<br><br>Defendants. | Civil Action No.   20-cv-06305 |

**MEMORANDUM OF LAW OPPOSING PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION**

White and Williams LLP
George C. Morrison, Esquire
Times Square Tower
7 Times Square, Suite 2900
New York, NY 10036
(646) 837-5776
(212) 244-6200 Fax
morrisong@whiteandwilliams.com
Attorney for Defendants
Gregorys Coffee Management, LLC and
Gregory Zamfotis

-i-

27396347v.2

## **TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION ................................................................................................1 | |
| II. | FACTUAL AND PROCEDURAL BACKGROUND........................................2 | |
| | A. | After Leaving His Job at Gregorys Coffee, De Jesus Contends He Did Not Receive All Pay Due to Him During the Course of His Employment......................2 |
| | B. | De Jesus Files a Putative Class Action Against His Former Employer Alleging Violations of the New York Labor Law and the Fair Labor Standards Act ..................................................................................3 |
| | C. | De Jesus Moves for Conditional Collective Certification .......................3 |
| III. | STANDARD FOR CONDITIONAL CERTIFICATION UNDER THE FLSA.................4 | |
| IV. | ANALYSIS..........................................................................................................5 | |
| | A. | This Court Should Not Authorize a Collective Action Because De Jesus Would Not Be Eligible to Be a Member of the Collective Action He Proposes to Represent ...............................................................................5 |
| | B. | De Jesus Has Not Offered Even Minimal Evidence that Café Workers Were Subjected to the Same Wage Issues as Warehouse Employees .....................6 |
| | C. | The FLSA Does Not Authorize the Conditional Certification Process ...................8 |
| V. | CONCLUSION....................................................................................................9 | |

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Fernandez v. Sharp Management Corp.,
  No. 16 Civ. 0551, 2016 U.S. Dist. LEXIS 141916 (S.D.N.Y. Oct. 13, 2016) ........................6

Garcia v. Spectrum of Creations, Inc.,
  102 F. Supp. 3d 541 (S.D.N.Y. 2015)....................................................................................7

Hallissey v. Am. Online, Inc.,
  No. 99 Civ. 3785 (KTD), 2008 U.S. Dist. LEXIS 18387, 2008 WL 465112
  (S.D.N.Y. Feb. 19, 2008) ........................................................................................................5

Hoffman-La Roche, Inc. v. Sperling,
  493 U.S. 165 (1989).................................................................................................................8

Myers v. Hertz Corp.,
  624 F.3d 537 (2d Cir. 2010)...........................................................................................4, 5, 8

Romero v. H.B. Automotive Group, Inc.,
  No. 11 CV 386, 2012 U.S. Dist. LEXIS 61151 (S.D.N.Y. May 1, 2012) ...............................5

Sanchez v. JMP Ventures, L.L.C.,
  No. 13 Civ. 7264, 2014 U.S. Dist. LEXIS 14980, 2014 WL 465542 (S.D.N.Y.
  Jan. 27, 2014)........................................................................................................................5, 7

Schucker v Flowers Foods, Inc.,
  No. 16-cv-3439, 2017 US Dist. LEXIS 136178 (S.D.N.Y. Aug. 24, 2017)..............................4

She Jian Guo v. Tommy's Sushi, Inc.,
  No. 14 Civ. 3946, 2014 U.S. Dist. LEXIS 147981 (S.D.N.Y. Oct. 16, 2014) .........................7

Summa v. Hofstra Univ.,
  715 F. Supp. 2d 378 (E.D.N.Y. 2010) .....................................................................................5

Swales v. KLLM Transport Services, Inc.,
  985 F.3d 430 (5th Cir 2021) ................................................................................................8, 9

Winfield v. Citibank, N.A.,
  843 F. Supp. 2d 397 (S.D.N.Y. 2012).....................................................................................4

Zamora v. L. Plus L Prods., LLC,
  2019 U.S. Dist. LEXIS 179266 (S.D.N.Y Oct. 15, 2019) ..................................................7, 8

Zamora v L Plus L Prods. LLC,
  2019 US Dist LEXIS 179226 (S.D.N.Y. Oct. 15, 2019) ....................................................5, 8

27396347v.2

**STATUTES**

29 U.S.C. § 216(b) ...........................................................................................................4, 6

FLSA..........................................................................................................1, 2, 3, 4, 5, 6, 8, 9

New York Labor Law ........................................................................................................1, 3

27396347v.2

## I.     **INTRODUCTION**

Amador De Jesus worked at a warehouse for Gregorys Coffee Management, LLC ("Gregorys Coffee") where he baked and cooked the food that was sold at Gregorys Coffee's cafés. After he was let go, he sued Gregorys Coffee and its owner alleging wage violations. Specifically, De Jesus filed a hybrid complaint seeking to represent a class of employees who were injured by Gregorys Coffee's purported violations of the New York Labor Law.  He also seeks to maintain a collection action for similarly situated employees who were injured by Gregorys Coffee's violations of the Fair Labor Standards Act.

De Jesus now moves for conditional certification of the FLSA claims.  Curiously, De Jesus would not be eligible to opt into his own lawsuit as proposed in his complaint.  De Jesus seeks to represent all non-exempt employees employed by Defendants at Gregorys Coffees Cafés.  But De Jesus did not work at the cafés; he worked at the warehouse.  Since he is not similarly situated as those he seeks to represent, conditional certification is not warranted.

Even if this was not a barrier to conditional certification, De Jesus has not met the standard for conditional certification. The standard is admittedly a lenient one, but it is not toothless. Unsupported allegations that De Jesus and the potential opt-in plaintiffs were the victims of a common policy or plan is insufficient to show an entitlement to conditional certification.  Here De Jesus supports his request for conditional certification with one affidavit, his own.  In that affidavit, De Jesus does not recount any conversation with a café worker that confirms he or she was subject to the same purported wage violations.  Without a scintilla of evidence, De Jesus's motion is not viable.

Finally, Gregorys Coffee recognizes that the Second Circuit endorsed a two-step, lenient standard for conditional certification.  However, to preserve the issue, Gregorys Coffee raises this

27396347v.2

Court's attention to recent contrary out-of-circuit authority that persuasively holds that such a permissive standard for conditional certification is not consistent with the FLSA requirements at all and indeed casts too wide a net so as to violate the terms of the Act.

For these reasons, this Court should deny the Motion.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    After Leaving His Job at Gregorys Coffee, De Jesus Contends He Did Not Receive All Pay Due to Him During the Course of His Employment

Gregorys Coffee Management operates a chain of coffee shops in New York City. Gregorys uses a warehouse supplier that prepares all of the pastries and baked goods sold at the coffee shops. See Complaint [Doc. 1] at ¶ 6. In January 2014, Amador De Jesus began working as a baker and cook at the warehouse in Long Island City. See id. at ¶ 23(a), (b). De Jesus contends that during the course of his employment he was required to work over 40 hours per week. See id. at ¶ 23(c). For the first three years, De Jesus worked 60 hours per week and for the remainder of his time at Gregorys, he worked 54 hours per week. See id. De Jesus was let go from his job in March 2021. See id. at ¶ 23(d).

De Jesus alleges he received a consistent weekly salary that did not include an overtime premium of one-and-one-half times his regular payrate for hours worked over 40 hours per week as required under the Fair Labor Standards Act and the New York Labor Law. See id. at ¶ 24. De Jesus further claims he was often required to "clock out" for lunch or at the end of his shift and keep working for a half hour. See id. at ¶ 24. De Jesus further claims he did not receive a spread-of-hours premium for each workday exceeding 10 hours as required by the NYLL. See id. at ¶ 27. He also contends that he never received a notice of pay rate from Gregorys Coffee as required under the NYLL. See id. at ¶ 28. Based on De Jesus's observations and conversations with co-

workers, he contends that his co-workers were also subjected to these same conditions. Id. at ¶¶ 29-33.

> **B. De Jesus Files a Putative Class Action Against His Former Employer Alleging Violations of the New York Labor Law and the Fair Labor Standards Act**

Based on the alleged violations of the FLSA and NYLL, De Jesus filed this putative class action and collective action against Gregorys Coffee and its owner, Gregory Zamofitis, who De Jesus alleges has operational control over Gregorys Coffee. See id. at ¶¶ 8-9. De Jesus seeks to represent "all non-exempt employees (including but not limited to cooks, bakers, and drivers) employed by Defendants at Gregory's Coffee Cafés on or after the date that is six (6) years before the filing of the Complaint . . . ." See id. at ¶¶ 11, 14. As relief, De Jesus seeks for himself and the class any unpaid wages, including overtime due to time shaving; unpaid spread-of-hours premium; reasonable attorneys' fees; liquidated damages; statutory penalties; and costs and disbursements of the action. See id. at ¶¶ 2, 47-48, 56, and Prayer for Relief.

> **C. De Jesus Moves for Conditional Collective Certification**

De Jesus has now moved for conditional collective certification. See Certification Motion. In support of the Motion, De Jesus submitted an affidavit. See De Jesus Affidavit. In the 15-paragraph affidavit, De Jesus reiterates that he worked as a cook and baker at the Warehouse in Long Island City and that he was let go in March 2021. See id. at ¶ 1.

During his employment, De Jesus contends that he spoke to several co-workers about their wages. See id. at ¶ 3. While De Jesus does not explicitly state that all his conversations occurred with employees at the Warehouse, the conversations he did detail occurred "while working, and in the locker rooms while getting ready for work." Id. at ¶¶ 8-9. De Jesus does not contend that he discussed wage issues with café workers.

-3-

**III.    STANDARD FOR CONDITIONAL CERTIFICATION UNDER THE FLSA**

An employee whose rights were violated under the FLSA may file an action "for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The Second Circuit has held that a district court has the "discretion, in appropriate cases, to implement § 216(b) by facilitating notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." Schucker v Flowers Foods, Inc., No. 16-cv-3439, 2017 US Dist. LEXIS 136178, at *5 (S.D.N.Y. Aug. 24, 2017) (citing Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010) (alterations and internal quotation marks omitted)).

The Second Circuit has endorsed a "two-step method of certification in an opt-in collective action under the FLSA." Winfield v. Citibank, N.A., 843 F. Supp. 2d 397, 401-02 (S.D.N.Y. 2012) (citing Myers, 624 F.3d at 554-55). At the first step, the district court must make "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred," Myers, 624 F.3d at 555, and, if the court determines that notice is warranted, issue "a 'conditional certification' of the collective action," Winfield, 843 F. Supp. 2d at 402. To be entitled to "conditional certification," the named plaintiff must show that he and the potential opt-in plaintiffs together were the victims of common policy or plan that violated the law." Myers, 624 F.3d at 555 (internal quotation marks omitted). In showing that they were victims of a common plan that violated the law, "Courts do not require a named plaintiff to show an actual FLSA violation, but rather that a factual nexus exists between the plaintiff's situation and the situation of other potential plaintiffs." Summa v. Hofstra Univ., 715 F. Supp. 2d 378, 386 (E.D.N.Y. 2010). "Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of

other potential class members." Hallissey v. Am. Online, Inc., No. 99 Civ. 3785 (KTD), 2008 U.S. Dist. LEXIS 18387, 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008).

While the standard is a forgiving one, it is not toothless. Unsupported assertions are insufficient. Myers, 624 F.3d at 555 (internal quotation marks omitted). See, e.g., Romero v. H.B. Automotive Group, Inc., No. 11 CV 386, 2012 U.S. Dist. LEXIS 61151 (S.D.N.Y. May 1, 2012) ("Conclusory allegations are not enough to satisfy this burden [for conditional certification]."). Moreover, a "list of generalized allegations that have been molded into a declaration" are "precisely the kind of unsupported assertions and conclusory allegations that courts in [the Southern] District have found to be insufficient to conditionally certify a class under 216(b)." Zamora v L Plus L Prods. LLC, 2019 US Dist LEXIS 179226, at *10 (S.D.N.Y. Oct. 15, 2019) (citing Sanchez v. JMP Ventures, L.L.C., No. 13 Civ. 7264, 2014 U.S. Dist. LEXIS 14980, 2014 WL 465542, *2 (S.D.N.Y. Jan. 27, 2014)).

## IV. ANALYSIS

### A. This Court Should Not Authorize a Collective Action Because De Jesus Would Not Be Eligible to Be a Member of the Collective Action He Proposes to Represent

The first bar to certification is admittedly an unusual one. As pleaded, De Jesus would not be a member of the class he proposes to represent. De Jesus looks to bring "a collective action pursuant to FLSA . . . on behalf of all non-exempt employees (including but not limited to cooks, bakers, and drivers) *employed by Defendants at Gregory's Coffee Cafes* on or after the date that is six years before the filing of the Complaint . . . ." See Complaint at ¶ 11 (emphasis added). However, De Jesus was not employed by Defendants at Gregory's Coffee Café.

De Jesus worked at the Warehouse—not a café—where he served as a cook and baker. See id. at ¶ 23(a). Because he is not a café employee, he could not opt into this collective action. As

a result, he and the opt-in plaintiffs would not be similarly situated as required by the FLSA and conditional certification is therefore inappropriate. 29 U.S.C. § 216(b).

### B. De Jesus Has Not Offered Even Minimal Evidence that Café Workers Were Subjected to the Same Wage Issues as Warehouse Employees

Even if De Jesus's certification request could survive the first hurdle, De Jesus has not provided enough support for the contention that the employees he seeks to represent are similarly situated. To support his position, he provides an affidavit that recounts his observations as well as conversations with co-workers at the warehouse while working and changing in the locker room. See De Jesus Affidavit at ¶¶ 3, 8-9.

However, De Jesus has provided no non-conclusory facts to establish that café employees were subject to the same common wage policy as him. This is fatal to his request for conditional certification of café workers. For example, in Fernandez v. Sharp Management Corp., No. 16 Civ. 0551, 2016 U.S. Dist. LEXIS 141916 (S.D.N.Y. Oct. 13, 2016), two residential superintendents sued their employer alleging that it failed to compensate plaintiffs and other similarly situated co-workers overtime and failed to pay the applicable minimum wage. Id at *1. The superintendents sought conditional certification for all those employed as superintendents as well as resident managers, assistant maintenance personnel, security staff, janitors, porters, and "any other similar job title." Id. at *2. The court held that the evidence presented by the superintendents was not sufficient to satisfy the burden of proof to conditionally certify an action for all these employees. Id. at *8. Specifically, the affidavits did not provide any detail as to a single observation or detail that would substantiate the superintendents knowledge of a company-wide policy that led to universal wage violations. Id. at *8-9.

Similarly, in Zamora v. L. Plus L Prods., LLC, 2019 U.S. Dist. LEXIS 179266 (S.D.N.Y Oct. 15, 2019), a cook claimed that he worked more than 40 hours per week and that his employer

-6-

failed to pay him minimum wage, overtime pay, and spread-of-hour pay. Id. at *2. The cook also alleged that other employees were subjected to similar wage violations and he pointed to a couple of employees hired as dishwashers and cleaners. Id. at *2-3. The Court denied conditional certification for all employees because the cook's allegations of similarly situated employees was "purely conclusory." Id. at *9. Because the cook could provide no detail that the employees hired in other positions were subject to the same wage violations, certification was not appropriate. Id. at *9-10. See, e.g., Garcia v. Spectrum of Creations, Inc., 102 F. Supp. 3d 541, 549-550 (S.D.N.Y. 2015) (refusing to grant certification as to other employees who performed different non-exempt job functions); She Jian Guo v. Tommy's Sushi, Inc., No. 14 Civ. 3946, 2014 U.S. Dist. LEXIS 147981, at *8-10 (S.D.N.Y. Oct. 16, 2014) (declining to conditionally certify broad collective other than delivery persons due to plaintiffs' vague, conclusory and unsupported allegations about other employees); Sanchez, 2014 U.S. Dist. LEXIS 14980, at *5-6 (denying certification of expansive class of all tipped employees where plaintiff failed to provide any detail as to a single observation or conversation).

Because De Jesus has no firsthand knowledge or observation related to the café workers he seeks to represent in a collective action, he has not made a sufficient showing to support conditional certification. Rather, his affidavit and complaint bases these complaints on unsupported allegations, something he cannot do.

As to his fellow employees at the Warehouse, they are not part of the proposed collective action, because like De Jesus, they do not work at a café. See generally De Jesus Affidavit. Furthermore, Plaintiff identifies three co-workers with different occupations with whom he discussed wages: Max 1 (last name unknown), a dishwasher; Santiago (last name unknown), a salad preparer; and Ricardo (last name unknown), also a salad preparer. See id. at ¶ 3. However,

unlike his fellow bakers, he provides no details of conversations with those co-workers. Therefore, just as in Zamora, De Jesus should not be permitted to proceed with a collective action for other occupations when he has failed to provide any specific evidence that they were subjected to the same purported wage violations. Zamora, 2019 U.S. Dist. LEXIS 179266 at *9-10.

### C. The FLSA Does Not Authorize the Conditional Certification Process

Gregorys Coffee understands that this Court is bound by the holding of the Second Circuit and that Circuit has previously endorsed the two-step, conditional certification process. See Myers, 624 F.3d at 554-555. However, to preserve the issue, Gregorys Coffee brings to this Court's attention the recent opinion of the Fifth Circuit rejecting the propriety of this process. In Swales v. KLLM Transport Services, Inc., 985 F.3d 430 (5th Cir 2021), truck drivers brought a collective action under FLSA contending that the drivers were misclassified as independent contractors. Id. at 433. The drivers moved for conditional certification asking the trial court to apply a two-step process similar to the one set forth in Myers. Id. at 434.

On appeal, the Fifth Circuit recognized that "nothing in the FLSA, nor in Supreme Court precedent interpreting it, requires or recommends (or even authorizes) any 'certification' process." Id. at 440. The Court recognized that the FLSA limits a collective to those that are "similarly situated." Id. Moreover, a district court may "'facilitat[e] notice to potential plaintiffs' for case-management purposes, it cannot signal approval of the merits or otherwise stir up litigation." Id. (citing Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 169 (1989)). Put another way, the trial court "must be scrupulous to respect judicial neutrality." Hoffman-La Roche, 493 U.S. at 174.

The Fifth Circuit convincingly concluded that certification prior to rigorous scrutiny of the facts does not comply with the FLSA because it does not ensure that notice goes to only those who are "similarly situated." Swales, 985 F.3d at 440. Because the first step of the two-step process

-8-

sets such a low bar to permit certification, trial courts generally ignore threshold questions directly relevant to whether potential opt-in plaintiffs were "similarly situated." Id. at 144. Put another way, creating too forgiving a standard for certification poses an unacceptable risk that opt-in plaintiffs would later be excluded because they were never "similarly situated." Id. at 441.

Rather than the lenient two-step process, the Fifth Court instructed the trial courts to identify, at the outset of the case, the relevant facts and legal considerations that are material to an analysis of whether employees are similarly situated. Id. at 441. Then, the trial court should permit discovery on those issues. Id. The Fifth Circuit recognized that considering whether merits questions can be answered collectively does not equate to endorsing the merits of the action, which a trial court is forbidden from doing. Id. Rather, this early discovery ensures, as much as possible, that notice is not overinclusive of those employees who are similarly situated. Id. at 442. When a district court applies a nearly automatic standard for class certification, it "risks crossing the line from using notice as a case-management tool to using notice as a claims-solicitation tool," something the Supreme Court has explicitly stated was improper. Id. (citing Hoffman La Roche, supra).

To the extent this Court finds that it can adopt the Fifth Circuit's view, Gregorys Coffee requests that it does.

## V. CONCLUSION

For the foregoing reasons, this Court should decline to conditionally certify the FLSA action.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

_____
George C. Morrison, Esquire
Times Square Tower
7 Times Square, Suite 2900
New York, NY 10036
(646) 837-5776
(212) 244-6200 Fax
morrisong@whiteandwilliams.com

July 9, 2021

27396347v.2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMADOR DE JESUS, *on behalf of himself, FLSA Collective Plaintiffs and the Class,*<br><br>Plaintiff,<br><br>v.<br><br>GREGORYS COFFEE MANAGEMENT, LLC, and GREGORY ZAMFOTIS,<br><br>Defendants. | Civil Action No.  20-cv-06305 |

## **PROPOSED ORDER**

AND NOW, this _____ day of _____ , 2021, it is hereby **ORDERED** that Plaintiff's Motion for Conditional Collective Certification is **DENIED**.

It is **ORDERED**.

BY THE COURT:

_____
J.

27396347v.2