**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

AMADOR DE JESUS,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class,*

                         Plaintiff,                              **Case No.:** 20-cv-06305

             v.

GREGORYS COFFEE MANAGEMENT, LLC,
and GREGORY ZAMFOTIS,

                         Defendants.

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR**
**CONDITIONAL COLLECTIVE CERTIFICATION**

C. K. Lee, Esq.
Lee Litigation Group, PLLC
148 West 24th Street, 8th Floor
New York, NY 10011
Tel: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs*
*and the Class*

## TABLE OF CONTENTS

EXHIBITS ........................................................................................................................ ii

TABLE OF AUTHORITY ................................................................................................ iii

I.    THE COURT SHOULD ADOPT THE COLLECTIVE CERTIFICATION STANDARD FOUND IN *TURNER V. CHIPOTLE MEXICAN GRILL, INC.* ...................................... 1

II.   PLAINTIFF HAS MET THE MINIMAL STANDARDS REQUIRED FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION UNDER THE CURRENT MAJORITY APPROACH ........................................................................................... 2

   A.   Plaintiff Has Made a Modest Factual Showing to Support an Inference of a Common Policy That Violated the FLSA ................................................................................. 3

   B.   Plaintiff's Allegations and Declaration Are Sufficient to Support Evidence of a Common, Unlawful Policy/Practice Warranting Conditional Certification ................................. 7

      1.   Plaintiff's Own Experiences Are Consistent with the Common, Unlawful Policy/Practice He Alleges ................................................................................. 7

      2.   Plaintiff's Declaration Details his Allegations and Personal Observations .................... 8

      3.   Defendants' Position that the FLSA Does Not Authorize the Conditional Certification Process Runs Counter to the Weight of Authority and Against their Own Cited Case Law  10

i

**EXHIBITS**

**Exhibit A** - Website Postings Referring to Defendants by trade-name "Gregory's Coffee Café."

# TABLE OF AUTHORITY

**Cases**

*Adams v. City of N.Y.,* 2019 U.S. Dist. LEXIS 148745 (S.D.N.Y. Aug. 29, 2019)...................... 10

*Anglada v. Linens 'N Things, Inc.*, 2007 WL 1552511 (S.D.N.Y. Apr. 26, 2007)........................ 6

*Campos v. Lenmar Rest. Inc*., No. 18- CV-12359 (KPF), 2019 WL 6210814 (S.D.N.Y. Nov. 21, 2019)........................................................................................................................................... 8

*Carranza v. VBFS, Inc.*, 2021 U.S. Dist. LEXIS 64885 (S.D.N.Y. 2021) .................................... 7

*Cuaya v. VI Dev. Grp., LLC*, 2020 U.S. Dist. LEXIS 166324 (S.D.N.Y. Sep. 10, 2020)............. 7

*Cuzco v. Orion Builders, Inc*., 477, F. Supp. 2d 628 (S.D.N.Y. 2007)................................... 2, 3

*Fasanelli v. Heartland Brewery, Inc.*, 516 F.Supp.2d 317 (S.D.N.Y.2007)................................. 6

*Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F. Supp. 2d 89 (E.D.N.Y. 2010) ............ 9

*Guzman v. VLM, Inc.*, 2007 WL 2994278 (E.D.N.Y. Oct. 11, 2007)............................................ 9

*Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651 (S.D.N.Y. 2013) .............................................. 3, 9

Harhash v. Infinity West Shoes, Inc., No. 10 Civ. 8285, 2011 WL 4001072 (S.D.N.Y. Aug. 25, 2011)........................................................................................................................................... 9

*Hernandez v. Bare Burger Dio Inc.*, 2013 U.S. Dist. LEXIS 89254 (S.D.N.Y. June 18, 2013) .... 7

*Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, No. 12 Civ. 0265, 2012 U.S. Dist. LEXIS 76660 (S.D.N.Y. June 1, 2012)...................................................................................... 4

*Leonardo v. ASC, Inc.,* No. 18-CV-3657 (VEC), 2018 WL 5981996 (S.D.N.Y. Nov. 14, 2018).. 8

*Lianyuan Feng v. Hampshire Times*, No. 14-CV-7102 (SHS) (JLC), 2015 U.S. Dist. LEXIS 29899, 2015 WL 1061973 (S.D.N.Y. Mar. 11, 2015) ............................................................. 1

*Lynch v. U.S. Auto. Assoc.*, 491 F. Supp. 2d 357 (S.D.N.Y. 2007) ............................................ 6

*Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54 (E.D.N.Y. 2011)................................................ 6

*Morris v. Lettire Constr., Corp.*, 896 F. Supp. 2d 265 (S.D.N.Y. 2012)...................................... 9

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010)..................................................................... 3

*Perez v. Isabella Geriatric Ctr.*, No. 13-CV-7453 (RA), 2016 U.S. Dist. LEXIS 136855 (S.D.N.Y. Sep. 30, 2016) ...................................................................................................... 10

*Perry v. City of New York*, 2019 U.S. Dist. LEXIS 40696, 2019 WL 1146581 (S.D.N.Y. Mar. 13, 2019)......................................................................................................................................... 10

*Piazza v. New Albertsons, LP*, 2021 U.S. Dist. LEXIS 20573, 2021 WL 365771 (N.D. Ill. Feb. 3, 2021)......................................................................................................................................... 11

*Salomon v. Adderley Indus., Inc.*, 847 F. Supp. 2d 561 (S.D.N.Y. 2012) ............................... 7, 9

*Sanchez v. JMP Ventures, L.L.C.*, 2014 U.S. Dist. LEXIS 14980 (S.D.N.Y. Jan. 27, 2014)........ 9

*Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502 (2d Cir. 2020) ............................................ 3

*Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385, 2010 WL 2218095 (S.D.N.Y. June 2, 2010) .............. 6

*She Jian Guo v. Tommy's Sushi Inc.*, No. 14-CV-3946 (PAE), 2014 WL 5314822 (S.D.N.Y. Oct. 16, 2014)..................................................................................................................................... 1

*Sobczak v AWL Indus.*, 540 F. Supp. 2d 354 (E.D.N.Y. 2007)................................................... 3

*Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d. 430 (5th Cir. 2021) ............................... 10, 11

*Turner v. Chipotle Mexican Grill, Inc.*, 123 F. Supp. 3d 1300 (D. Colo. 2015) ............. 1, 2, 4, 11

*Yi Mei Ke v. JR Sushi 2 Inc.,* 2021 U.S. Dist. LEXIS 8045 (S.D.N.Y. 2021) ............................... 7

*Zamora v. L Plus L Prods. LLC*, 2019 WL 5460559 (S.D.N.Y. Oct. 15, 2019) .......................... 9

iii

*Zheng v. Good Fortune Supermarket Group (USA), Inc.,* No. 13-CV-60 (ILG), 2013 WL
   5132023 (E.D.N.Y. Sept. 12, 2013) ...................................................................... 3
*Zivali v. AT&T Mobility LLC*, 646 F. Supp. 2d 658 (S.D.N.Y. 2009) ........................................... 6

**Statutes**

29 U.S.C. § 216(b) .................................................................................... 1, 2, 4

**Rules**

Fed. R. Civ. P. 20 ...................................................................................... 3
Fed. R. Civ. P. 23 ................................................................................... 1, 3
Fed. R. Civ. P. 42 ...................................................................................... 3

**I.    THE COURT SHOULD ADOPT THE COLLECTIVE CERTIFICATION STANDARD FOUND IN *TURNER V. CHIPOTLE MEXICAN GRILL, INC.***

Plaintiff is seeking conditional certification pursuant to the Federal Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and for distribution of notice to all current and former non-exempt employees (including but not limited to cooks, bakers, food preparers and drivers among others) employed by Defendants at their warehouse location of 1149 50th Ave., Long Island City, NY 11101 within the last six (6) years ("Covered Employees").  To clarify, Plaintiff is not seeking certification of employees at the café shops.  In Defendants' opposition, they misapply the standard necessary for a conditional collective certification.  It is well settled that "the standard for conditional collective action certification is not a stringent one."  *Lianyuan Feng v. Hampshire Times*, No. 14-CV-7102 (SHS) (JLC), 2015 U.S. Dist. LEXIS 29899, 2015 WL 1061973, at *2 (S.D.N.Y. Mar. 11, 2015);  *She Jian Guo v. Tommy's Sushi Inc.*, No. 14-CV-3946 (PAE), 2014 WL 5314822, at *2 (S.D.N.Y. Oct. 16, 2014) (A low standard of proof is required at this first stage because its "'purpose …is merely to determine whether 'similarly situated' plaintiffs do in fact exist.'").

In *Turner v. Chipotle Mexican Grill, Inc.*, 123 F. Supp. 3d 1300 (D. Colo. 2015) ("*Turner I*"), a federal court convincingly demonstrated that the current majority approach to collective certification under 29 U.S.C. § 216(b) is erroneous.  *Turner I* is illustrative of the proper application FLSA §216(b). In *Turner I*, Judge Kane analyzed the history and intent behind the Federal Labor Standards Act ("FLSA") § 216(b) process and concluded that there was unnecessary confusion between, and conflation of, FSLA "conditional certification" and Rule 23 "class certification." *See* id.

Properly interpreted, 29 U.S.C. § 216(b) allows the "liberalized permissive joinder of any party plaintiff 'similarly situated.'" *Id.* at 1306. The **only** statutory prerequisites for joinder of a

party plaintiff to a FLSA action under § 216(b) are: (1) written consent to become a party and (2) the filing of such written consent in the court where such action is brought. *Id.* Contrary to the majority view, party plaintiffs are **not** required make any evidentiary showing that they suffered as a result of a single policy or practice to deprive them of pay for notice to be sent to prospective opt-ins. *Id.* at 1309. Rather, in view of the protective purposes of the FLSA, and pursuant to the plain text of the statute, the Court should "presumptively allow workers bringing the same statutory claim against the same employer to join as a collective, with the understanding that individuals may be challenged and severed from the collective if the basis for their joinder proves erroneous." *Id.* Given Judge Kane's persuasive interpretation of FLSA §216(b)'s text, legislative history, and intent, Plaintiff urges the Court to follow and adopt Judge Kane's framework for collective certification.

## II. PLAINTIFF HAS MET THE MINIMAL STANDARDS REQUIRED FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION UNDER THE CURRENT MAJORITY APPROACH

If the Court is not persuaded by the convincing case for permissive joinder set forth in *Turner I*, the distribution of notice to all Covered Employees should nevertheless be ordered, because the initial pleadings and preliminary evidence demonstrate that all Covered Employees are "victims of a common policy or plan that violated the law," as required by the current majority approach. *Cuzco v. Orion Builders, Inc*., 477, F. Supp. 2d 628, 633 (S.D.N.Y. 2007) (internal quotation omitted). Based on the Complaint and Plaintiff's declaration in support of this motion, all Covered Employees worked as non-exempt employees, and Defendants (i) failed to pay employees up until January 2017 proper overtime premium due to an improper policy of paying non-exempt employees, like Plaintiff, on a fixed salary basis, (ii) failed to pay wages for all hours worked due to policy of time shaving, and (iii) failed to pay the proper overtime compensation for all hours worked due to time-shaving, in violation of the FLSA.

2

In the Second Circuit case, *Scott v. Chipotle Mexican Grill*, the court reaffirms the current standard at the collective certification stage.  Even the current approach sets a lower bar to a collective than is often seen with joinder under rule 20 and rule 42. 954 F.3d 502, 515 (2d Cir. 2020) ("the FLSA not only imposes a lower bar than Rule 23, it imposes a bar lower in some sense even than Rules 20 and 42").  Moreover, the case reaffirms that, unlike in motions for class certification under Rule 23, "**dissimilarities in other respects should not defeat collective treatment.**"  *Scott,* 954 F.3d at 515.

Plaintiff AMADOR DE JESUS has met the low standard of proof to certify a conditional class of non-exempt employees including bakers, cooks, food preparers, and drivers.

### A.     Plaintiff Has Made a Modest Factual Showing to Support an Inference of a Common Policy That Violated the FLSA

To obtain conditional certification, Plaintiff bears the burden to make a threshold showing that he is "similarly situated" to putative class members. *See Zheng v. Good Fortune Supermarket Group (USA), Inc.,* No. 13-CV-60 (ILG), 2013 WL 5132023, at *4 (E.D.N.Y. Sept. 12, 2013). Because the "two-step" method is adopted for FLSA collective actions, the Second Circuit specifically cautioned that the standard for the first step of certification "should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist," *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). Courts have repeatedly held that this burden is "minimal." *See Sobczak v AWL Indus.*, 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007); *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 632 (S.D.N.Y. 2007). Accordingly, the only issue for the Court to consider is "whether the plaintiffs have made an adequate factual showing to support an **inference** that such a uniform policy or practice exists, and whether the locations share common ownership or management." *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013) (emphasis added). The low burden of conditional

collective certification requires plaintiffs to show only that there was a "<u>sufficient indicia of the possibility</u> of a common policy or plan." *Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, No. 12 Civ. 0265, 2012 U.S. Dist. LEXIS 76660, at *3 (S.D.N.Y. June 1, 2012) (emphasis added).  As detailed above some Courts, as may be seen in *Turner v. Chipotle Mexican Grill, Inc.*, have held that this burden does not exist and §216(b) claimants should be treated as any other joinder would. 123 F. Supp. 3d 1300 (D. Colo. 2015)

Defendants raise three arguments in its opposition to Plaintiff's Motion for Collective Certification.

First, Defendants raise a bizarre argument that Plaintiff is not part of the collective he himself pled.  Plaintiff's Complaint refers to Defendants by their trade name "Gregory's Coffee Cafés." *See* **Exhibit A**, Website Postings Referring to Defendants by trade-name "Gregory's Coffee Café."  Despite this term being commonly used to refer to Defendants generally, and Plaintiff using this term throughout Plaintiff's Complaint as a reference to Defendant GREGORYS COFFEE MANAGEMENT, LLC, Defendants now seek to claim that this term refers specifically to Defendants' cafés. *See* Plaintiff's Complaint [ECF 1].  Defendants now attempt to argue that as Plaintiff's collective referred to those who were employed by Gregory's Coffee Café, he is not included in the collective as he is a warehouse worker.  Such an argument is absurd.  Plaintiff clearly used Defendants' trade name as a reference for Corporate Defendant GREGORYS COFFEE MANAGEMENT, LLC throughout the entirety of the Complaint and not just when referencing the collective and class.  *See* Id.

Second, Defendants claim that Plaintiff's experiences are inconsistent with workers of Gregory's Coffee at their café locations should be mooted.  If not clear in Plaintiff's moving

papers, Plaintiff states plainly now that Plaintiff seeks a collective only as to fellow warehouse workers located at 1149 50th Ave., Long Island City, NY 11101.

Third, Defendants claim that Plaintiff's Declaration lacks the details necessary to support certification. This argument ignores the record. Plaintiff only seeks to certify a collective as to the warehouse he himself worked, and for which Plaintiff's declaration clearly details severe improper payment policies. Such policies include (1) improper payments on a fixed salary basis without overtime occurring until January 2017, and (2) after January 2017, employees were often required to work-off-the-clock and through automatically deducted meal breaks. Plaintiff's allegations and affidavit provides more than mere indicia of the possibility that co-workers at Defendants' warehouse suffered the same or similar violations. Plaintiff's declaration identifies by name other employees, who Plaintiff knows experienced similar issues. Plaintiff's declaration details his frequent conversations with his co-workers, wherein they confirmed they were subject to the same unlawful policies as Plaintiff. Plaintiff's declaration includes particulars such as where these conversations took place, when, and with whom. Plaintiff has more than satisfied the burden necessary to warrant conditional certification.

Specifically, Plaintiff identifies conversations he had with his coworkers Saul Garcia [LNU], Rufino [LNU], Max 1 [LNU], Alberto Vasquez [LNU], Santiago [LNU] about how their pay did not include wages for all their hours worked. *See* JESUS Decl. ¶¶ 3, 4, 7-12. In addition, Plaintiff identifies the person and manner in which all employees were paid. Plaintiff states "Every week, the manager Max 2 [LNU], would distribute envelopes with cash in them to employees." *See* Id. ¶¶ 8. Plaintiff worked in a warehouse and could clearly observe his Manager Max 2 [LNU] paying all employees in cash, like he himself was paid. *See Id*.

Plaintiff goes on to identify not just conversations with fellow employees confirming Defendants' improper pay policy, he recites quotes from his fellow employees, which reinforced his knowledge that Defendants pay practices harmed not just him, but all employees. *See* JESUS Decl. ¶¶ 3, 4, 7-12.  Plaintiff also identified a conversation between a co-worker and Defendants' manager, and Plaintiff identified how Defendants responded to employees' complaints.  Plaintiff has therefore not only identified the violation to the FLSA but has set forth how such policies were suffered by other potential collective action members.

Plaintiff's declaration is clearly sufficient to support conditional certification. Contrary to Defendants' assertions, it is well-settled that statements regarding "firsthand knowledge" such as those in Plaintiff's declaration are **viewed as true** for purposes of conditional collective certification motions. *See Zivali v. AT&T Mobility LLC*, 646 F. Supp. 2d 658, 662 (S.D.N.Y. 2009) ("Defendants' argument that plaintiffs' declarations are comprised of… conclusory allegations based on impermissible hearsay is of no moment" for purposes of FLSA collective certification motion); *Fasanelli v. Heartland Brewery, Inc.*, 516 F.Supp.2d 317, 321-22 (S.D.N.Y.2007); *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 59 (E.D.N.Y. 2011).

Defendants' arguments against certification require a factual evaluation of the merits of Plaintiff's claims as well as credibility determinations.  *See Lynch v. U.S. Auto. Assoc.*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."). Any merits-based argument "is an improper ground on which to base a denial of a motion to certify conditionally an FLSA collective action." *Anglada v. Linens 'N Things, Inc.*, 2007 WL 1552511 at *7 (S.D.N.Y. Apr. 26, 2007); *Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385, 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010) ("Weighing of the merits is absolutely

inappropriate.")  As such, Defendants have failed to set forth any good reason why Plaintiff's motion should not be granted in its entirety.

Through his declaration and pleading, Plaintiff went beyond the "modest" factual showing necessary for conditional certification. For Courts in the Second Circuit submitting a single affidavit which details conversations with other employees, even if hearsay, have repeatedly been ruled to be sufficient for collective certification. There is a long line of cases which have repeatedly affirmed this. Most recently in *Carranza v. VBFS, Inc.*, 2021 U.S. Dist. LEXIS 64885, *10 (S.D.N.Y. 2021) the Court stated the following:

> *"It is not necessarily problematic that plaintiff submits a single affidavit, which in turn relies in part on" hearsay. Yi Mei Ke v. JR Sushi 2 Inc., 2021 U.S. Dist. LEXIS 8045, at *21 (S.D.N.Y. 2021). In this District, courts "routinely grant[] conditional collective certification based solely on the personal observations of one plaintiff's affidavit." Hernandez, 2013 U.S. Dist. LEXIS 89254, at *7 (collecting cases); see also Cuaya, 2020 U.S. Dist. LEXIS 166324, at *17. Moreover, at this preliminary stage, "courts regularly rely on plaintiffs' affidavits and hearsay statements in determining the propriety of sending notice." Cuaya, 2020 U.S. Dist. LEXIS 166324, at *17-18 (quoting Salomon v. Adderley Indus., Inc., 847 F. Supp. 2d 561, 563 (S.D.N.Y. 2012)).*

As shown above, through his declaration and pleading, Plaintiff AMADOR DE JESUS has provided more than enough to support an inference that Plaintiff and co-workers at the warehouse were being paid improperly.

**B.     Plaintiff's Allegations and Declaration Are Sufficient to Support Evidence of a Common, Unlawful Policy/Practice Warranting Conditional Certification**

**1.   Plaintiff's Own Experiences Are Consistent with the Common, Unlawful Policy/Practice He Alleges**

Plaintiff alleges that he and others were first paid on a fixed salary basis without any overtime pay. *See* JESUS Decl. ¶¶ 8.  After January 2017, Plaintiff alleges that he and others were instructed to record only their official work hours but were required to perform work prior to and/or

after their scheduled hours without compensation. *See* JESUS Decl. ¶¶ 7.   As a result, Plaintiff's experience is consistent with the unlawful policy he alleges for the collective.

## 2. Plaintiff's Declaration Details his Allegations and Personal Observations

Defendants state that Plaintiff's allegations in his declaration are too vague and fail to provide the basis for conditional certification. *See* Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Conditional Collective Certification ("DFs' MOL in Opp.") p. 7.

However, as detailed above, Plaintiff's allegations are not the vague and conclusory allegations Defendants claim them to be. In his declaration, Plaintiff has specifically provided the names and conversations of other employees that suffered from Defendants' policy of not paying wages for all hours worked. Plaintiff has identified several other individuals, who work in similar positions, with whom he has discussed Defendants' policy of not paying all wages for hours worked. In addition, Plaintiff has identified several individual employees of Defendants and specific conversations had regarding Defendants' policy of not paying wages for all hours worked. Finally, Plaintiff himself provided his personal knowledge and experience of suffering from Defendants illegal policies. Courts have found that this kind of evidence satisfies the "modest factual showing" that potential plaintiffs exist who are "similarly situated" to him. *See Leonardo v. ASC, Inc.,* No. 18-CV-3657 (VEC), 2018 WL 5981996, at *2 (S.D.N.Y. Nov. 14, 2018); *Campos v. Lenmar Rest. Inc.*, No. 18- CV-12359 (KPF), 2019 WL 6210814, at *4 (S.D.N.Y. Nov. 21, 2019) (collective of bussers and servers certified based on plaintiff's affidavit describing defendants' violations against him, combined with specific details of conversations with named coworkers).

Where a plaintiff bases his assertions regarding similarly situated employees upon his own observations and conversations with other employees, courts have required details about these observations and conversations, such as where and when they occurred, and the names of the employees involved. *See Sanchez v. JMP Ventures, L.L.C.*, 2014 U.S. Dist. LEXIS 14980 at \*5 (S.D.N.Y. Jan. 27, 2014). Here, Plaintiff has named the employees and provided the location and the substance of their discussion. *See* JESUS Decl. ¶¶ 3, 4, 7-12. That Plaintiff only names these employees by first name is "not necessarily a shortcoming." *Zamora v. L Plus L Prods. LLC*, 2019 WL 5460559, at \*5 (S.D.N.Y. Oct. 15, 2019) (citing *Guzman v. VLM, Inc.,* 2007 WL 2994278, at \*1 n.2-3 (E.D.N.Y. Oct. 11, 2007)). Importantly, at this preliminary stage, "courts regularly rely on plaintiffs' affidavits and hearsay statements in determining the propriety of sending notice." *Salomon v. Adderley Indus.*, *Inc*., 847 F. Supp. 2d 561, 563 (S.D.N.Y. 2012). Furthermore, the court will not weigh the merits of the plaintiffs' underlying claims, resolve factual disputes, or evaluate credibility during this stage. *See Morris v. Lettire Constr., Corp.*, 896 F. Supp. 2d 265, 269 (S.D.N.Y. 2012).

Under the lenient standard for conditional collective certification, the only issue for the Court is to consider is whether the plaintiff has made an adequate factual showing to support an *inference* that such uniform policy or practice exists. *See Hamadou* 915 F. Supp. 2d at 662; *see also Harhash v. Infinity West Shoes, Inc.*, No. 10 Civ. 8285, 2011 WL 4001072, at \*3 (S.D.N.Y. Aug. 25, 2011); *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F. Supp. 2d 89, 93-94 (E.D.N.Y. 2010). "All that is required is a persuasive showing that the original and opt-in plaintiffs were common victims of a FLSA violation pursuant to a systematically-applied company policy or practice such that there exist common questions of law and fact that justify representational litigation." *Adams v. City of N.Y.,* 2019 U.S. Dist. LEXIS 148745, at \*19-20 (S.D.N.Y. Aug. 29,

9

2019); *see also Perry v. City of New York*, 2019 U.S. Dist. LEXIS 40696, 2019 WL 1146581, at *4 (S.D.N.Y. Mar. 13, 2019). Furthermore, "for FLSA claims based on a common policy or practice, courts routinely find that plaintiffs are similarly situated despite individualized issues such as those raised by the City here." *See Adams* 2019 U.S. Dist. LEXIS 148745, at *19-20 (quoting *Perez v. Isabella Geriatric Ctr.*, No. 13-CV-7453 (RA), 2016 U.S. Dist. LEXIS 136855, at *5 (S.D.N.Y. Sep. 30, 2016)).

As detailed above, Plaintiff has shown there was a common policy of not paying employees' wages for all their hours worked and proper overtime premiums.  As a result, Plaintiff has shown that he is sufficiently similarly situated to other non-exempt employees of Defendants' warehouse and warrants conditional certification.

### 3. Defendants' Position that the FLSA Does Not Authorize the Conditional Certification Process Runs Counter to the Weight of Authority and Against their Own Cited Case Law

In a desperate attempt to oppose Plaintiff's Motion, Defendants attempt to claim that the "FLSA Does Not Authorize Conditional Certification." DFs' MOL in Opp. at p. 8.  This statement shows a clear misunderstanding of the FLSA and of the case *Swales v. KLLM Transp. Servs., L.L.C.*, upon which this statement relies. *See* 985 F.3d 430, No. 19-60847 (5th Cir. Jan. 12, 2021). Aside from the fact that the decision in *Swales* disregards well-established precedent in this circuit and this circuit's sister circuits, the reasoning of Defendants' does not even conform to this 5th Cir. Case.  In *Swales*, the Court declined to follow well established precedent of certifying an FLSA action as, unlike here, the "parties had engaged in substantial [. . .] discovery on whether Plaintiffs and potential opt-ins were similarly situated" (including 11 depositions and 19,000 documents exchanged).  *Swales,* 985 F.3d at 441. The Swales court decided that because a threshold merits question (did "a valid independent-contractor classification [bar] application of the FLSA") was intertwined with the question whether the collection action members were

similarly situated, it would not defer the merits question, which had already been substantially completed, until after notice was served. *Swales*, 985 F.3d at 434; *see also Piazza v. New Albertsons, LP*, 2021 U.S. Dist. LEXIS 20573, *14, 2021 WL 365771 (N.D. Ill. 2021).

Such a holding is wholly contrary to Defendants' brief.  Moreover, the *Swales* case is not applicable to the instant matter.  Here, no formal discovery has occurred.  Parties have yet to even submit a case management plan or scheduling order.  Even if the Court were to abandon all precedent of this circuit and follow this 5th Circuit case, the case would still be inapplicable as, unlike in *Swales*, the current case's discovery has not begun.

In accordance with both the precedent of this circuit and the persuasive review of the spirit, history, and purpose of Collective Certification found in *Turner I*, the Court must approve Plaintiff's proposed Collective.

Dated: New York, New York            Respectfully submitted,
      July 23, 2021

                                     LEE LITIGATION GROUP, PLLC

                    By:    */s/* C.K. Lee

                                     C.K. Lee, Esq. (CL 4086)
                                     Lee Litigation Group, PLLC
                                     148 West 24th Street, 8th Floor
                                     New York, NY 10011
                                     Tel: (212) 465-1188
                                     Fax: (212) 465-1181

                                     *Attorneys for Plaintiff, FLSA Collective Plaintiff and the Class*