| | |
|---|---|
| AMADOR DE JESUS, *on behalf of himself, FLSA Collective Plaintiffs and the Class,*<br><br>Plaintiff,<br><br>v.<br><br>GREGORYS COFFEE MANAGEMENT, LLC, and GREGORY ZAMFOTIS,<br><br>Defendants. | Civil Action No. 20-cv-06305 |

# SUPPLEMENTAL MEMORANDUM OF LAW OPPOSING PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION

White and Williams LLP
George C. Morrison, Esquire
Times Square Tower
7 Times Square, Suite 2900
New York, NY 10036
(646) 837-5776
(212) 244-6200 Fax
morrisong@whiteandwilliams.com
Attorney for Defendants
Gregorys Coffee Management, LLC and
Gregory Zamfotis

## I. INTRODUCTION

Amador De Jesus worked at a warehouse for Gregorys Coffee Management, LLC ("Gregorys Coffee") where he baked and cooked the food that was sold at Gregorys Coffee's cafés. After he was let go, he sued Gregorys Coffee and its owner alleging wage violations. Specifically, De Jesus filed a hybrid complaint seeking to represent a class of employees who were injured by Gregorys Coffee's purported violations of the New York Labor Law. He also seeks to maintain a collection action for similarly situated employees who were injured by Gregorys Coffee's violations of the Fair Labor Standards Act. After the parties briefed De Jesus's Motion for Conditional Certification of the collective action, Gregorys Coffee discovered in its storage an employment agreement where De Jesus agreed to arbitrate employment-related matters and forego his right to bring a class action or seek class certification.

As demonstrated in Gregory Coffee's initial opposition brief, De Jesus cannot meet the standard for conditional certification. All De Jesus could muster to support his claims were unsupported and uncorroborated allegations that employees were subject to improper employment policies. Now, with the discovery of the arbitration provision, De Jesus lacks standing to bring any class action. That is because he lacks any personal interest in representing others in this action, since he must arbitrate his own claim. In such a circumstance, other courts have found the motion for conditional certification to be moot. Further, New York enforces agreements waiving an employee's right to bring a class action or seek class certification. That occurred here and the Court should enforce that request.

## II. BACKGROUND AND PROCEDURAL HISTORY

On May 28, 2021, Gregorys Coffee filed a timely Answer with Affirmative Defenses (ECF No. 14) to De Jesus's hybrid Class and Collective Action Complaint. In the Complaint, De Jesus seeks to represent a class of employees who were injured by Gregorys Coffee's purported

violations of the New York Labor Law. He also seeks to maintain a collective action for similarly situated employees who were injured by Gregorys Coffee's violation of the FLSA. See Complaint (ECF No. 1). On July 23, 2021, Plaintiff filed a bundled Motion For Conditional Collective Certification (ECF Nos. 20-23), which was briefed and remains pending before this Court.

As part of the mediation process contemplated in this Court's Order In FLSA Cases (ECF No. 9), the parties have exchanged categories of information regarding De Jesus, the named Plaintiff. As part of this ongoing process, and on or about August 6, 2021, a Gregorys Coffee representative located 2018 and 2019 Arbitration of Disputes-Employment Agreements ("Arbitration Agreements") (Exs. A and B) in a paper file located at one of its warehouses. Undersigned counsel first learned of the Agreements on August 9, 2021 and produced the Arbitration Agreements to De Jesus's counsel that day. The Agreements required De Jesus to arbitrate any employment-related action against Gregorys Coffee and De Jesus relinquished his right to bring class or collective actions against Gregorys Coffee:

> You agree as a condition and in consideration for new or continued employment that any dispute or claim that arises out of or that relates to your employment, or that arises out of or that is based upon the employment relationship (including but not limited to any wage claim, FLSA or NYLL claim, any claim for wrongful termination, or any claim based upon any statue, regulation, or law, including those dealing with employment discrimination, sexual harassment, civil rights, age, or disabilities), shall be resolved by arbitration in accordance with the then effective arbitration rules of the State of New York. The arbitration is of no cost to you and will be resolved on a case by case basis to be overseen by an independent and impartial arbitrator. You will have the opportunity to select one arbitrator from a list to be provided. Accordingly, you are hereby notified that you will be unable to seek class certification or class action status via the filing [of] any lawsuit regarding the above-mentioned claims. The decision of the arbitrator will be final and will wholly resolve the aforementioned dispute.

See Exs. A and B.

27756259v.2

This Court permitted supplemental briefing on the effect of the Arbitration Agreements on the merits of De Jesus's claims for conditional certification. Gregorys Coffee submits that the Arbitration Agreement moots the motion for conditional certification.

## III. LEGAL ANALYSIS

### A. Because De Jesus Must Arbitrate His Claims, He Has No Standing to Bring a Class or Collective Action and Therefore His Motion for Conditional Certification is Moot

"Permitting Plaintiffs to seek certification of a collective action at this time would be putting the cart before the horse . . . ." Hamoudeh v. Unitedhealth Grp., Inc., No. 16-CV-790 (PKC) (RML), 2016 U.S. Dist. LEXIS 65179, at *2 (E.D.N.Y. May 17, 2016); Thompson v. Body Sculpt Int'l, LLC, No. 18-cv-1001-ARR-GRB, 2018 U.S. Dist. LEXIS 110131, at *24 (E.D.N.Y. July 2, 2018). A plaintiff may only move for conditional certification on behalf of similarly situated parties if they have standing to bring the lawsuit; therefore, standing hinges on the motion to compel arbitration that was recently filed by Gregorys Coffee. See Hamoudeh, 2016 U.S. Dist. LEXIS 65179, at *2-3 (citing Dixon v. NBCUniversal Media LLC, 947 F. Supp. 2d 390, 406 (S.D.N.Y. 2013) (denying a motion for conditional certification as moot after finding the named plaintiff's claims to be subject to arbitration, because such a plaintiff "lacks any personal interest in prosecuting this action in this Court on behalf of others").

The Supreme Court of the United States made this standing requirement clear in Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 73 (2013), when the Supreme Court dismissed the entire action after the named plaintiff's individual claim was satisfied and became moot even though the complaint included collective-action allegations. Id. The Supreme Court reasoned that the named plaintiff now "lacked any personal interest in representing others in this action." Id. Federal District Courts in New York have therefore dismissed motions for conditional certification as moot when the named plaintiff's case is removed to arbitration. See Thompson, 2018 U.S. Dist.

-3-
27756259v.2

LEXIS 110131, at *24-25 (E.D.N.Y. July 2, 2018); Hamoudeh, 2016 U.S. Dist. LEXIS 65179, at *2-6; Dixon, 947 F. Supp. 2d at 405-06; Victorio v. Sammy's Fishbox Realty Co., LLC, 2015 U.S. Dist. LEXIS 61421, at *48 (S.D.N.Y. May 6, 2015); see also Lloyd v. J.P. Morgan Chase & Co., Nos. 11-cv-9305, 12-cv-2197, 2014 U.S. Dist. LEXIS 47383, 2014 WL 2109903, at *2 (S.D.N.Y. Apr. 1, 2014) (granting plaintiffs' motion for conditional certification because there was not an enforceable arbitration agreement as to four of the nine named plaintiffs, whose claims would go forward in the collective action).

### B. This Court Must Enforce the Class Action Waiver

If this Court does not dismiss the lawsuit and remand it to arbitration, it must enforce the class action waiver included in the Arbitration Agreement. The Arbitration Agreement reads: "you are hereby notified that you will be unable to seek class certification or class action status via the filing [of] any lawsuit regarding the above-mentioned [employment-related] claims." See Arbitration Agreements (Exs. A & B). New York courts enforce class action waivers in arbitration agreements against challenges that these waivers are unconscionable. Castro v. TCA Logistics Corp., No. 20-CV-2004(JS)(ARL), 2021 U.S. Dist. LEXIS 66117, at *18-19 (E.D.N.Y. Mar. 31, 2021) (citing Chen-Oster v. Goldman, Sachs & Co., 449 F. Supp. 3d 216, 251 n.28 (S.D.N.Y. 2020) (collecting cases applying New York law)). Further, New York law has found that these waivers do not violate New York's public policy. Id. (citing Tsadilas v. Providian Nat'l Bank, 13 A.D.3d 190, 191, 786 N.Y.S.2d 478 (N.Y. App. Div. 1st Dep't 2004) (quoting Ranieri v. Bell Atl. Mobile, 304 A.D.2d 353, 354, 759 N.Y.S.2d 448 (N.Y. App. Div. 1st Dep't 2003)). Indeed the United States Supreme Court has instructed courts enforcing arbitration agreements under the Federal Arbitration Act that the agreements should be enforced "according to their terms— including terms providing for individualized proceedings." Epic Systems Corp. v. Lewis, - - - U.S. - - - ; 138 S. Ct. 1612, 1619 (2018).

For these reasons, this Court should enforce the prohibition on class actions if it retains jurisdiction over this case.

## IV. CONCLUSION

For the reasons set forth above as well as the reasons set forth in the initial Opposition Brief to the Motion for Conditional Certification, this Court should decline to conditionally certify the FLSA action.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

_____
George C. Morrison, Esquire
Times Square Tower
7 Times Square, Suite 2900
New York, NY 10036
(646) 837-5776
(212) 244-6200 Fax
morrisong@whiteandwilliams.com

September 17, 2021

# EXHIBIT A

# ARBITRATION OF DISPUTES – EMPLOYMENT

You agree as a condition and in consideration for new or continued employment that any dispute or claim that arises out of or that relates to your employment, or that arises out of or that is based upon the employment relationship (including but not limited to any wage claim, FLSA or NYLL claim, any claim for wrongful termination, or any claim based upon any statue, regulation, or law, including those dealing with employment discrimination, sexual harassment, civil rights, age, or disabilities), shall be resolved by arbitration in accordance with the then effective arbitration rules of the State of New York. The arbitration is of no cost to you and will be resolved on a case by case basis to be overseen by an independent and impartial arbitrator. You will have the opportunity to select one arbitrator from a list to be provided. Accordingly, you are hereby notified that you will be unable to seek class certification or class action status via the filing any lawsuit regarding the above-mentioned claims. The decision of the arbitrator will be final and will wholly resolve the aforementioned dispute.

Dated: 01/15/18

_____
EMPLOYEE Signature

Amador De Jesus
Print Name (Employee)

Dated: 1-18-18

_____
EMPLOYER Signature

George Zamfotis — manager
Print Name (Employer)        Title

GREGORYS DE JESUS 000270

# EXHIBIT B

# ARBITRATION OF DISPUTES – EMPLOYMENT

You agree as a condition and in consideration for new or continued employment that any dispute or claim that arises out of or that relates to your employment, or that arises out of or that is based upon the employment relationship (including but not limited to any wage claim, FLSA or NYLL claim, any claim for wrongful termination, or any claim based upon any statue, regulation, or law, including those dealing with employment discrimination, sexual harassment, civil rights, age, or disabilities), shall be resolved by arbitration in accordance with the then effective arbitration rules of the State of New York. The arbitration is of no cost to you and will be resolved on a case by case basis to be overseen by an independent and impartial arbitrator. You will have the opportunity to select one arbitrator from a list to be provided. Accordingly, you are hereby notified that you will be unable to seek class certification or class action status via the filing any lawsuit regarding the above-mentioned claims. The decision of the arbitrator will be final and will wholly resolve the aforementioned dispute.

Dated: X 01/18/19

X _____
EMPLOYEE *Signature*

X Amador De Jesus
Print Name (Employee)

Dated: 1/18/19

_____
EMPLOYER *Signature*

George Zamfotis  Manager
Print Name (Employer)   Title

GREGORYS DE JESUS 000266